| | |
|---|---|
| NORMA CORY, | IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA |
| Plaintiff, | |
| v. | CIRCUIT CIVIL DIVISION |
| WAL-MART STORES EAST, LP, | CASE NO.: |
| Defendant. _____/ | |

## COMPLAINT FOR DAMAGES

Plaintiff, NORMA CORY, by and through undersigned counsel, hereby sues the Defendant, WAL-MART STORES EAST, LP, (hereinafter referred to as "WALMART") and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars, not inclusive of attorney's fees and costs.

2. At all times material hereto, Plaintiff, NORMA CORY, was and is a resident of Lee County, Florida and is otherwise *sui juris*.

3. At all times material hereto, the Defendant, WALMART, was and is a Foreign Limited Partnership authorized to and doing business in the State of Florida as a retail market and doing business in Lee County, Florida.

4. Venue is proper because the cause of action stated herein arose in Lee County, Florida.

5. On or about June 21, 2019, Plaintiff, NORMA CORY, was lawfully on Defendant's premises, located at 545 Pine Island Road, North Fort Myers, Florida 33903, as an invitee, when she was caused to slip and fall, and sustain serious personal injuries due to a wet, dirty, slippery

and unreasonably dangerous liquid substance on the floor at or near the McDonalds restaurant located inside the Defendant's premises.

6. At all times material hereto, the Defendant, WALMART, by and through its agents, servants, and/or employees, had dominion, possession and/or control of the subject premises.

7. At all times material hereto, the Defendant's, WALMART, agents, servants, and/or employees acted within the course and scope of their employment.

8. At all times material hereto, the Defendant, WALMART, owed a non-delegable duty to maintain the common areas of the subject premises in a reasonably safe and proper condition for a class of persons, of which Plaintiff, NORMA CORY, is a member.

9. At all times material hereto, the Defendant, WALMART, owed a non-delegable duty to warn business invitees, such as Plaintiff, NORMA CORY, of concealed dangers which were or should be known to Defendant, WALMART, and which are unknown to business invitees, such as Plaintiff and cannot be discovered by her through the exercise of reasonable care.

10. At all times material hereto, Defendant, WALMART, by and through its agents, servants, and/or employees, negligently and carelessly maintained the subject premises by committing one or more of the following acts of omissions and/or commission:

   a. By allowing wet, dirty, slippery and unreasonably dangerous liquid substances and/or contaminants to accumulate and remain on the floor of Defendant's premises, so as to cause Plaintiff to slip and fall and sustain serious personal injuries;
   b. By failing to properly maintain and/or inspect the common areas of its premises to ensure they were in a reasonably safe and proper condition for invitees such as the Plaintiff;
   c. By creating a dangerous condition on its premises;
   d. By allowing a dirty, slippery dangerous condition to occur with such regularity on its premises that the condition was foreseeable;

e. By failing to warn Plaintiff of the aforementioned condition and the risk involved in as much as the presence of Plaintiff was known or reasonably foreseeable by Defendant;

f. By failing to have the proper policies and procedures and/or in the alternative negligently failing to follow its own policies and procedures within which to inspect, maintain, and/or discover the above-mentioned dangerous condition and remedy same;

g. By failing to change its policies and procedures, despite its knowledge of similar repeated, and foreseeable incidents;

h. By allowing dirty, liquid substances and/or other slippery liquid residue to spill, and/or accumulate in such a manner so as to create a concealed dangerous condition along the ingress and egress route intended for the general public's use;

i. By failing to properly train, educate, and/or instruct its agents, employees, and/or servants on how to inspect, detect, clean and/or maintain the common areas of Defendant's premises;

j. By failing to provide a safe ingress and/or egress on its premises in violation of ANSI Standard and South Florida Building Codes, which are marked and outlined in Exhibit "A" which is attached hereto;

k. By failing to adhere to the subject floor surface maintenance requirements;

l. By installing and/or maintaining a floor surface on Defendant's premises which did not have the proper non-skid or slip resistant properties or surface, and was otherwise not fit for its intended purpose as a walking surface;

m. By installing and/or improperly maintaining a floor surface which Defendant knew or should have known became unreasonably slippery and dangerous when wet; and

n. By failing to use floor mats, carpets and/or non-skid surfaces in areas where foreign substances are spilled and/or deposited on a regular basis.

11. At all times material hereto, Defendant, WALMART, either knew or should have known of the existence of the dangerous condition on its premises through the exercise of ordinary care and should have taken action to remedy the condition and/or warn the Plaintiff about the presence of the condition.

12. At all times material hereto, Defendant, WALMART, was negligent in creating the dangerous condition and/or causing the condition to exist or remain on the floor of the subject premises.

13. The condition causing Plaintiff to fall occurred with such frequency and regularity that it was reasonably foreseeable to Defendant, WALMART, and thus, it was predictable and preventable.

14. The condition causing Plaintiff to fall existed for a sufficient length of time that it was reasonably foreseeable to Defendant, WALMART, and thus, it was predictable and preventable.

15. Plaintiff neither knew nor should have known of said danger by the exercise of due care.

16. As a direct and proximate result of the aforementioned negligence of the Defendant, WALMART, Plaintiff, NORMA CORY, suffered bodily injury and resulting pain and suffering, inconvenience, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, inconvenience, medical expenses, including the expense of surgery, hospitalization, medical and nursing care and treatment, and aggravation of previously existing conditions. The losses are permanent and continuing, and Plaintiff, NORMA CORY, will suffer such losses into the future.

**WHEREFORE,** Plaintiff, NORMA CORY, demands judgment for damages, costs, and interest from Defendant, WAL-MART STORES EAST, LP. together with any other relief the Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, NORMA CORY, demands trial by jury of all issues triable as a right by a jury.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via a certified process server.

DATED this 29th day of December, 2020.

                                            **SIMON TRIAL FIRM**
Attorneys for Plaintiff
2601 S. Bayshore Drive Suite 1010
Miami, Florida 33133
Telephone: (305) 375-6500
Facsimile:   (305) 375-0388
Email: Pleadings@simon-trial.com

By:     /s/ *Kyle A. Quintana*
RONALD M. SIMON, ESQ.
Florida Bar No.: 165262
KYLE A. QUINTANA, ESQ.
Florida Bar No.: 1003110